959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.J. SIMPSON, Plaintiff-Appellant,
v.
John W. HAWLEY; Wanda Kiiskila, Defendants-Appellees.
 No. 91-2250.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 A.J. Simpson is a pro se Michigan prisoner who appeals a summary judgment which was entered in a civil rights suit that he had filed under 42 U.S.C. § 1983. Simpson's appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Simpson raised four claims in his complaint: 1) that the defendants had tampered with his legal mail; 2) that the defendants had returned some of his postage stamps to the sender; 3) that the defendants had scheduled his access to the library contemporaneously with his yard and gym time; and 4) that the defendants had violated a liberty interest by eliminating his right to contact visitation. On September 23, 1991, the district court adopted a magistrate judge's report and entered a summary judgment in favor of the defendants. It is from this judgment that Simpson now appeals. He has filed a Motion to Advance Hearing.
 
 
 4
 Simpson now concedes that he is not entitled to monetary relief. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). In addition, Simpson has abandoned his first three claims because they were not raised in his brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986). Appellate review of these claims has also been waived because Simpson failed to raise specific objections to the magistrate judge's recommendation regarding them. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Thus, Simpson's visitation claim is the only issue remaining for appellate review.
 
 
 5
 Inmates do not have an inherent constitutional right to visitation. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Nevertheless, Simpson argues that a liberty interest was created by a policy directive of the Michigan Department of Corrections. That policy states in pertinent part as follows:
 
 
 6
 Visiting for Level VI prisoners shall be non-contact only. Prisoners classified to other levels may be limited to non-contact visits under the following circumstances:
 
 
 7
 (1) When the prisoner has clearly demonstrated that s/he cannot manage their behavior during a contact visit (must be established at a hearing as described below);
 
 
 8
 ....
 
 
 9
 A prisoner whose visits are to be limited to non-contact visiting areas due to unmanageable behavior shall be given a prior hearing, pursuant to R 791.3310 by the Security Classification Committee (SCC). The SCC will base their recommendation on limitation to non-contact visits on either findings of guilt on major misconducts directly related to visiting or on inappropriate behavior by the prisoner or visitor which has resulted in visits being terminated.
 
 
 10
 PD-BCF-62.02 (effective Apr. 16, 1990).
 
 
 11
 The district court found that the mandatory hearing required by this policy was sufficient to create a protected liberty interest in contact visitation for Level V inmates, like Simpson. See Thompson, 490 U.S. at 463. However, the court also found that this policy was effectively altered by a memorandum from the Director of the Michigan Department of Corrections, which eliminated contact visits for Level V inmates at a number of facilities, including the prison where Simpson is now incarcerated.
 
 
 12
 Simpson argues that promulgation of a rule or regulation was required to revise PD-BCF-63.02 because the revision affects the public as well as inmates. However, the original policy on which Simpson relies was not promulgated as a rule. Moreover, the essence of the Director's memorandum was enacted as an emergency rule on October 1, 1991. That rule states that "[v]isits by members of the public with prisoners who are classified to security levels V, VI, and administrative segregation and who are housed in an institution or housing unit of that security level may be limited to non-contact visits." Mich.Reg. (Oct. 1991). The emergency rule does not require a hearing and it does not mandate any procedure that would limit the discretion of prison officials. Thus, the parties' arguments regarding both the policy and the memorandum are now moot.
 
 
 13
 Accordingly, Simpson's Motion to Advance Hearing is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation